316-0052 Consolidated to 316-0053 People of the State of Illinois Appellant Crossed Appellant by Thomas Arado v. Alderman Smith Appellate Crossed Appellant by Christopher Kovacs Please proceed, Counselor. Thank you, Your Honor. The Court is adjourned. May it please the Court. Good afternoon, Your Honors. Counsel. We are here Thomas Arado on behalf of the appellant and the people of the State of Illinois and the Crossed Appellant. We are here on the granting of the in part, and denying in part of a defendant's post-conviction petition. The appeal focuses from the people's perspective on the issue of great bodily harm and whether the evidence that was presented excluding the erroneous testimony that was presented was of sufficient character so that the defendant was not prejudiced by the introduction of the erroneous testimony. In addition, the defendant found a cross appeal in which his focus is on the ineffective persistence of post-conviction counsel. I don't know if this Court wants me to address that in my main argument or wait until the second of my reply. I don't want to step on the defendant's argument. We'll let you decide. Thank you, Your Honor. The defendant was convicted of multiple offenses. I'm sure the Court is familiar with the general record. But in particular, he was a weapon consecutive to 25 years armed robbery, 25 years armed violence, and 5 years unlawful possession of a weapon by a felon. The armed violence was predicated in part on the great bodily harm finding and the 85% sentence that was ordered for the home invasion and armed robbery was also predicated on the great bodily harm finding. The defendant filed a post-conviction petition in which in part he argued that the medical records which were available at the time of the trial would have disputed some of the testimony of the victim, Arnold Van Lue. Van Lue testified at trial that he had at least apparently been told that he had a broken or fractured eye socket and a fractured rib as a result of the attack on the August night in 2004. The medical records that were available at the time of the trial would have disputed and refuted that and counsel was found to be ineffective by the trial judge in failing to impeach Mr. Van Lue's testimony on those two points. Our argument is that even if counsel had impeached him or even if the state had corrected that testimony because medical records were available to the people as well that the results of the trial would have been the same because of the remaining testimony of Mr. Van Lue and his wife Roma and the Arnold testified that when he was attacked he was kicked in the eye which caused him to experience terrible pain. He was hit in the head with a semi-automatic pistol as a result he was bleeding bad, his word he was taken to the hospital he received two to three stitches in his right eye and about seven stitches in his head on the left side. Roma, his wife testified that during the attack the victim was kicked in the head that he was hit in the head with a gun and that there was blood gushing from Arnold including from his eye area and the other side of his head. Roma testified at one point she had her arm around Arnold and the blood was running down her arm. Photographs were also admitted into evidence showing blood on the sheets in the motel room where the attack occurred, blood on the bathroom floor the socket of Arnold's right eye which is bruised and looks very poor the left rear side of his head where Arnold had stitches from being struck by the weapon also the stitches in his eye and the left side of Arnold's head where he was bruised. It is our contention that all of this evidence was more than sufficient that had the testimony not been introduced or been impinged regarding the alleged fractures, the result of the trial would have been the same, that therefore the defendant was not prejudiced. Interestingly the trial judge found that although he was prejudiced he did not make any ruling about whether the trial would have been different, in fact he said arguably a trial jury could find that he was still Let me ask you this, what was at trial, what was the defendant's defense? Well well that's a really good question I believe in part that he was not the one that did it it wasn't him so Is it necessarily ineffective for a defense lawyer not to make the argument that I wasn't there but if I was there I didn't hurt him going that route is that necessarily an effective assistance No, a strategy as far as how you're going to attack the witness's testimony or alternatives is entirely plausible to present that I wasn't there otherwise the defendant wasn't that hurt Sure The 85% sentence of course relies upon this finding of general, great bodily harm and the trial judge's finding we assert is erroneous based upon this evidence and this court should reverse and reinstate the armed violence conviction and the 85% on the remaining charges Turning briefly to the defendant's argument regarding ineffective assistance in post-conviction counsel counsel had filed an amended post-conviction petition based upon the on the claims she did not include two claims one of which was that the defense counsel failed to obtain records showing he was visually impaired and could not have been could not wear covering over his eyes because the testimony was that there was a mask over the defendant's face or the attacker's face and that would have shown that he was not in fact the attacker and the second was that sentencing counsel did not obtain his prison records to be used for mitigation to show that he had worked while in prison people's contention is of course that these are meritless defense counsel filed a 651c certificate which showed that she had in fact fulfilled her responsibilities and presented only meritorious claims and therefore she was not ineffective in not pursuing those claims we also do note in our brief that the defendant had multiple opportunities to present ineffective assistance of counsel claims and did have a hearing back in 2005 post-trial in which he had multiple claims but did not include the medical record issue also he presented his claims post-sentencing pro se in which he also did not include his claims regarding the introduction of the DOC records he had opportunities to present those claims and did not otherwise if you look at the substance of those claims there is nothing that would have caused the defendant either to have not been convicted based upon the evidence or his sentences to have been different based upon what was presented in that evidence from the DOC we go through that in a brief what the deficiencies are therefore we would ask that the court otherwise affirm the denial of this post-conviction petition if there are other questions I think you are going to argue with me but never mind  may it please the court and counsel I represent Alton Smith the appellee in this case I would like to start with the issue of great bodily harm the issue there is fairly narrow whether the defendant was prejudiced by counsel's errors in this case counsel's failure to challenge the injuries in this case to turn to your question about what the defense was the defense theory was that it was not him he was not the offender the defense attorney made no challenge whatsoever to the element of great bodily harm in the real world is it a dangerous thing to do it can be done carefully if you are saying it wasn't me and go in there and look like you are attacking the victim on the stand and cross examining him about his testimony then you are saying it wasn't me but if it was me I didn't hurt him that bad that can have a tendency to dilute that it wasn't me arguing I definitely see your point and a couple of responses to that one is that the state's attorney hasn't challenged the trial court's finding in this case that trial counsel was ineffective for failing to challenge these records the state hasn't challenged that at all it's something that's subject to the manifest error standard of review in this court but the other thing I'd like to point out is that the strategic dilemma that you are talking about is sort of more evident in something like I didn't do it but it was self-defense something where the theories are wholly inconsistent or at tension with one another in this case the issue of great bodily harm focuses just on the nature of the injuries to the victim and that element pervaded many of the counts in this case it led to the aggravated battery of a senior citizen the armed violence it had sentencing consequences for two other convictions so for counsel to not challenge that at all is certainly incompetent in light of what we now know that the state's best evidence of great bodily harm is simply false this evidence that he suffered two fractures his testimony that he testified in vivid graphic detail that his eye socket was busted it was cracked his ribs were cracked simply didn't occur well the rib one is clear but the x-ray report despite that no fractures at the top says it was difficult to exclude completely a orbital floor injury in your orbit it was a bony structure that one of course the cracked rib there's no evidence of a fractured rib but the orbit the bottom line is looking at the medical records he was diagnosed with a scalp laceration and a facial laceration there was no evidence of a fracture there was certainly a detailed description of sinusitis and other potential issues going on with the eye but a fracture is significantly different than a laceration in the continuum of bodily harm to great bodily harm and that's really the issue here that the trial judge as to the ineffective assistance and as to the element of that there was prejudice that if you take away the erroneous evidence as you call it the rib and the eye socket what's left isn't that enough to be great bodily harm no it's enough to have a question of fact for the jury and that's the issue here this element was really unchallenged at trial because few people would look at a fractured eye socket a fractured rib and the lacerations and really think to challenge that as great bodily harm but take away the fractures and you have two lacerations that's much closer to the ordinary bodily harm often described as lacerations abrasions, bruises, those sorts of injuries it's again a question of fact for the jury it's not a result the standard here is that it was a result that was worthy of confidence and the trial judge in the post-conviction order said there was no question that there was prejudice here what we now know puts the injuries in a new light and so that's the standard that has to be met for ineffective assistance and then on appeal we have the manifest error standard the state has the burden to show that the trial court's decision here was clearly evident plainly, indisputably wrong and the state cannot do that in light of what we now know qualitatively different injuries from what we now know and what was described at trial and the state, there are stab wounds for example we cite in our brief cases where there were stab wounds and bleeding a bullet wound, that was a graze wound that were found to be not great bodily harm and so again those cases show that this is a question of fact for the jury and trial counsel's failure to challenge this element, you know, deprived Smith of the chance to make this a question of fact for the jury. The only two cases that the state really cites in its brief for showing why this is great bodily harm are greatly different from what we have here one is a victim whose eye was stabbed with an umbrella and the eye was completely removed that is the Anderson case that they cite in their brief another one is Mandarino, a case where someone was hit with a police baton about a dozen times and suffered a concussion so again that's much different from the mere lacerations that we have in this case well there are, you know, you talk about mere lacerations there are lacerations and there are lacerations somebody could come up with a razor and cut somebody here, you've got a laceration or somebody can kick you in the head and cause that laceration by popping the skin against the skull and so all lacerations are not created equal indeed, and that's why it's always described as a question of fact for the jury to look at these lacerations you know, the state points out, well there was a lot of blood in the room but blood is sort of inherent in the idea of a laceration and the fact is that Mr. Van Loon admitted that he was on blood thinning medication which might have caused more blood than usual all these things are things that had counsel done her job, she would have argued to the jury to say, hey, there's not enough to show great bodily harm in this case I'm curious about the remedy that the trial judge imposed after finding there was ineffective assistance of counsel, why wasn't your client entitled to a new trial on the three charges that had been tried in the second trial because Judge Erickson vacated convictions and really nullified the jury's verdict finding of great bodily harm why wasn't he entitled to a new trial with effective counsel to cross examine on these medical records my understanding is that he was entitled to a new trial maybe I have this wrong my understanding of the record is that he did vacate the armed violence conviction, great bodily harm findings and allowed the state the opportunity for a retrial as to the great bodily harm element and the armed violence that's my understanding of the trial court's order in this case I'll look at the record again, maybe I'm mistaken and that's a remedy that we would accept because again, it's a question of fact for the jury if the state wants to attempt to try this again and lay these facts out, a jury can decide whether this was great bodily harm thank you for clarifying that then turning to the cross appeal issue about unreasonable assistance the state's attorney noted that counsel filed a rule 651c certificate indeed that's true in that certificate she said that she consulted with her client and done what was necessary to put the claims from the pro se petition in the proper legal form  by the time they got to the motion to dismiss counsel abandoned several of his claims proceeding only on her own amended petition so ensuring that the claims that he put forth in his pro se petition would not be ruled on and on appeal we've pointed to a couple of issues where Mr. Smith raised perfectly viable well supported claims of ineffective assistance of counsel that it was wholly unreasonable to be abandoned at the second stage one has to do with ineffective assistance for failing to present optometry records that would have cast doubt on his identity as the offender he attached to the petition the very optometry records necessary to support that claim that showed that he was nearsighted and would not have been able to commit this offense with a mask over his face he also presented a claim of ineffective assistance at sentencing for failing to present mitigation evidence as to his work history at IDOC and he presented the very IDOC records that supported his claim said that he had asked his counsel to obtain them and she said there wasn't enough time to obtain them so in light of those claims let me ask you this is the fact that the let's say a defendant and the person who has been convicted is the fact that he was either a policeman or worked for the DOC before committing this crime is that a mitigating factor or an aggravating factor I mean what's mitigating about the fact that the person worked for the DOC somebody would say if you work we expect better out of you that could even be considered an aggravating factor well no but the fact that he was able to hold down a job which requires responsibility and some trust within the IDOC system is a mitigating factor that goes toward the potential for rehabilitation and in this case counsel presented virtually no mitigation she had one piece of mitigating evidence and presented nothing else so this evidence would have been mitigating would have shown something toward his potential for rehabilitation and so at this point we're at the second stage without the reasonable assistance of post conviction counsel so it's not proper for us to what's mitigating in other words if somebody worked for the DOC they're familiar with concepts of crime and punishment and yet and then go out and commit a violent crime some people me for example would find nothing mitigating about that work history I would find it aggravating by the fact that you're familiar with the system you're part of it and yet you go out and do this but the fact that he had served time in IDOC previously was already part of the record it was already known to the trial judge and had he presented evidence or had the judge heard evidence that within the confines of the prison he could be someone who could make positive contributions who could be counted on to work that would be something that shows his ability to be rehabilitated well actually one could argue all it shows is that you behave well in prison and not so much on the outside it's something that could be argued but again we have to consider rehabilitation and this evidence that you were employed that you held on a job within the IDOC is something that does show for what it's worth your potential for rehabilitation and so this is something that should be fleshed out with the reasonable assistance of post-conviction counsel not here on appeal before this court the fact is that she abandoned post-conviction counsel abandoned these two claims that were quintessential post-conviction claims supported by the record for no good reason that the state has identified or that I can identify thank you so I guess I would also like to remind the court that as for the second issue in the brief regarding the firearm add-on the state has confessed error in light of the Illinois Supreme Court's decision in People v. Clark and if the court has no further questions I just want to thank you for setting me straight because you are absolutely right ok thank you just briefly I don't know we didn't really object or complain medical records were we admitted below I know that medical records were available therefore it wasn't exactly a condition for me to argue on appeal that they weren't available it is undisputed that Mr. Garneau had all these other injuries those medical records supported the fact that he had these multiple lacerations blood was in these photographs it's on pages it's not in the appendix to our brief but it's in C384 and 385 the record is the photographs of Mr. Garneau showing that he was badly beaten by the defendant how anyone could conceive that this was not grave bodily harm well answer me this one did the state concede below that there was ineffective assistance yes essentially but not the prejudice problem ok so you conceded the state you weren't there but the state conceded ineffective assistance but still said there was no prejudice correct the court found there was prejudice the court found there was prejudice but it didn't explain what that prejudice was it did not say that before this testimony the result it was prejudicial there was no explanation in fact the trial court failed to read the medical records which would have allowed her to effectively challenge then lose testimony as clearly evidence of ineffectiveness if not object incompetence correct then the next paragraph the first sentence reads the court finds the defendant was prejudiced that by trial counsel's ineffectiveness and that their entitlement to a new trial and that was based on the lack of any examination any challenge at all to the injuries so the trial court found there was prejudice well first we are asserting that that really only goes to the first problem of Strickland it was clearly felt below the objective standard reasonably the judge never explicitly explained how the defendant was prejudiced it was basically saying if so facto the fact that he was received an incompetent representation that's it he was prejudiced by that what we are saying is earlier the trial judge said they didn't bother to read anything from medical records if they read the medical records it would have told her all she needed to know in order to attack the weak point in the state's case the weak point in the state's case the state has structured its entire bill of indictment so that a finding of single element among many was critical to not only a finding of guilt on two charges but to the length of sentence on virtually all the charges the trial counsel failed to read the medical records to effectively challenge them all that is indication that the trial judge finds that there was very prejudicial because of that I think that still only goes to the first problem because he doesn't say as a result of this incompetence the trial result would have been different in fact he goes on to say that a reasonable jury could have found that there was great bodily harm well agreed but also with these elements that are clearly a step above lacerations broken ribs and orbits it's hard to say that that by itself wouldn't and it would be hard for somebody to argue that's not great bodily harm so stack this stuff on I think what the trial judge was saying this pushed it over without this evidence they could have found it but it's not clear that they would have they could have gone either way on the issue therefore I think it casts doubt on Judge Erickson's mind as to the verdict and that's of course why we're on appeal because our position is he was wrong right even if you find that he was the judge found prejudiced it was a mere statement he was prejudiced without going into more detail I realize your position we have to read his he doesn't have to say why he found prejudice I find ineffective assistance I found prejudice how come judge that's my order he can do that that is absolutely true in fact I wish the judge would sometimes do that sometimes you want more sometimes you want less our position is the injuries that were suffered regardless of whether Judge Erickson found I don't think it would have been you do agree there is bodily harm but it's not always great bodily harm this is true that's a fact but look at his testimony physical evidence photographs I don't think any professional jury would have found anything different the judge vacated the great bodily harm judgment then that would be back for a retrial correct and then you found some other ramifications from that ruling that would be what kind of sentence based on what happens in the next trial correct he vacated the 85% depending on what happens correct and then about the consecutive depending on what happens correct he has determined that this can be retried basically it's not over even if this court affirms this can go back for a retrial and that decision is not obviously mine I don't think I will have any other further comments if this court has any other questions otherwise we ask that this court reverse on the great bodily harm issue and otherwise affirm thank you thank you your honor I suppose I would like to once again point out that this is subject to the manifest error standard of review on appeal and it's an extremely high burden for the state to meet in this case the trial court's order makes very clear what it's prejudice ruling is based on it's based on the fact that the element of great bodily harm permeated a number of the counts and the state relied extremely heavily on these two fractures in opening argument and closing argument in bamboo's testimony highlighting these fractures in making the case for great bodily harm so the state relied heavily on this at the same time it was entirely unchallenged undisputed by defense counsel perhaps because the nature of these injuries that were described by Mr. Bamboo fracture to an eye socket, cracked ribs something that so strong that it's not really worth challenging that's where the prejudice is shown and the state fails to meet its burden in this case to show that the trial judge's finding the trial judge who served as the trial judge in post conviction, his decision was manifest error and if this court has no further questions we would ask that you affirm the ruling of post conviction court on our main issues and then the mandate for second stage proceedings on our request for cross relief thank you